Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISON

| | |
|---|---|
| PAUL SAPAN, <br><br> Plaintiff, <br> vs. <br><br> APEX TAX RESOLUTION, LLC a/k/a APEX STUDENT LOAN SERVICES, also a/k/a FIDELITY TAX RELIEF and FIDELITYTAXRELIEF.COM, a California Limited Liability Company, MAYADA ABDULLAH, an individual, and GAZI ABDULLAH, an individual, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF** <br><br> **Violation(s) of Telephone Consumer Protection Act of 1991** <br> **Trespass to Chattel** <br> **Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

- 1 -

Complaint

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2.      Defendant APEX TAX RESOLUTION, LLC a/k/a APEX STUDENT LOAN SERVICES, also a/k/a FIDELITY TAX RELIEF and FIDELITYTAXRELIEF.COM ("FIDELITY TAX RELIEF")  is, and at all times herein mentioned was, a Limited Liability Company, doing business in the County of Los Angeles, State of California.

3.      Defendant MAYADA ABDULLAH is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California, and the Registered Agent and co-owner of FIDELITY TAX RELIEF.

4.      Defendant GAZI ABDULLAH is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California, and the Registered Agent and co-owner of FIDELITY TAX RELIEF.

5.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein (collectively referred to herein as "Defendants").

- 2 -

Complaint

# FACTUAL SUMMARY

7.      Defendants made six (6) prerecorded calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch their debt consultancy services on the following dates and times and using the following Caller ID ("CID") number:

- April 13, 2015 at 2:36pm, CID 310-409-1529
- April 14, 2015 at 1:45pm, CID 310-409-1529
- April 16, 2015 at 1:27pm, CID 310-409-1529
- April 20, 2015 at 1:59pm, CID 310-409-1529
- April 22, 2015 at 3:40pm, CID 310-409-1529
- April 27, 2015 at 2:08pm, CID 310-409-1529

8.      Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from December 23, 2007 to the present.

9.      While each of the calls complained of above used the same Caller ID number, none of them transmitted any Caller ID name information as required by law.  47 C.F.R. § 64.1601(e).

10.     Mr. Sapan did not answer the first, third, fourth, and sixth calls, but all calls used the same CID and are attributable to defendants as detailed below.

11.     On April 14, 2015 at 1:45pm Defendants called Mr. Sapan's home telephone and immediately after he picked up a prerecorded message played pitching tax debt consultancy services but did not give the caller's name, merely saying "press 1 if interested".

12.     Mr. Sapan, trying to determine the identity of the caller pressed one.

13.     A live representative came on the line who introduced his company as FIDELITY TAX RELIEF.

- 3 -

Complaint

14.     Mr. Sapan, having discovered the caller's identity, told the caller that Mr. Sapan's number was on the Do Not Call Registry and told him to never call again.

15.     As stated above, Mr. Sapan did not answer the next couple calls, which came in the very next day and a few days after that.

16.     Mr. Sapan did answer the fifth call made by Defendants on April 22, 2015 at 3:40pm, and exactly like the previous call he answered the same prerecorded message was played asking him to press one if interested.

17.     Mr. Sapan was annoyed and pressed one to again forcefully instruct them not to call anymore, but almost immediately after the live representative came on the line and named his company as FIDELITY TAX RELIEF the representative hung up.

18.     Mr. Sapan has some experience with junk calling campaigns like this and believes it most likely once the live representative came on he recognized Mr. Sapan's number or name from the call some days before and hung up to try to avoid liability.

19.     In any event for the calls Mr. Sapan did not answer he alleges on information and belief that that these calls were made by Defendants for the same telemarketing purpose as in all the calls he answered, which all used the exact same CID number, played the same prerecorded message, and had the same self-identification as FIDELITY TAX RELIEF once a live representative came on the line.

## Liability of FIDELITY TAX RELIEF

20.     During the calls Mr. Sapan answered, the FIDELITY TAX RELIEF's representatives consistently admitted they were with FIDELITY TAX RELIEF.

21.     There are complaints online about illegal telemarketing from Defendants tending to indicate a pattern consistent with the calls herein including

- 4 -

Complaint

the time frame of the calling campaign.  (See, e.g.,

https://800notes.com/Phone.aspx/1-310-409-1529).

22.    And there are legal complaints filed against FIDELITY TAX RELIEF and its owners for their illegal calling and deceptive practices, not the least of which is a Cease and Desist and Restitution Order from the Connecticut Department of Banking.  (Available at http://www.ct.gov/dob/cwp/view.asp?a=2246&q=558260).

**Liability of MAYADA ABDULLAH, an individual, and GAZI ABDULLAH**

23.    In its official corporate records filed with the California Secretary of State, APEX TAX RESOLUTION, LLC a/k/a FIDELITY TAX RELIEF's address was listed as 41398 Mandra Street, Murrieta CA 92562.  And, at the time relevant to this Complaint, this same address was the home address for GAZI ABDULLAH and MAYADA ABDULLAH.  (See, e.g., https://neighbor.report/address/41398-Mandra-St-Murrieta-CA-92562-USA/77822510_id/).

24.    Defendant MAYADA ABDULLAH is, and at all times herein mentioned was the Registered Agent and one of the two co-owners of FIDELITY TAX RELIEF.

25.    Defendant GAZI ABDULLAH is, at all times herein mentioned was the "Business Manager" and one of the two co-owners of FIDELITY TAX RELIEF.  (See, e.g., https://www.checkbca.org/report/apex-tax-resolution-llc-100106323).

26.    Defendant GAZI ABDULLAH is, at all times herein mentioned was the Administrative Contact listed for Defendant FIDELITY TAX RELIEF on the website registration for www.fidelitytaxrelief.com.

27.    Plaintiff has searched public records such as federal employer Identification Number registries and can find no record that FIDELITY TAX

Complaint

1  RELIEF ever employed anyone other than the co-owners who could have made the

2  calls in question herein.

3      28.    Plaintiff alleges on information and belief that Defendants

4  MAYADA ABDULLAH and GAZI ABDULLAH made the violative calls,

5  ordered them made, knew the calls described above were being made and did

6  nothing, or was willfully and recklessly ignorant of the fact his company was

7  making the calls described above.

8

9                    **Actual Harm & Willful and Knowing Conduct**

10     29.    Mr. Sapan is angered and annoyed by these junk calls and has been

11  harmed by the waste of his time during the calls themselves, the waste of time in

12  having to break from other important tasks and spend time catching up after these

13  junk calls, the waste of telephone service which he and not Defendant must pay

14  for, the costs of having to pursue legal remedies, and in the aggravation and

15  intrusion on his privacy of having to listen to the insistent metallic jangling of a

16  phone ringing in his home whether he answered a particular call or not.

17     30.    As a proximate result of these intrusions, Plaintiff suffered damage in

18  an amount according to proof, but no less than 5% of his monthly phone bill in

19  April 2015 since Defendant's calls constituted 5% or more of the total calls to his

20  phone during the height of their junk calling campaign.

21     31.    Plaintiff alleges on information and belief that Defendant made the

22  calls described above intentionally, in the sense that the number called was the one

23  they meant to call in pitching their services and that Defendant made no effort to

24  check with or comply with the National Do Not Call Registry.

25     32.    Plaintiff alleges on information and belief that Defendant made the

26  calls described above knowing that they were made in contravention of the TCPA

27  and other telemarketing laws and regulations

28

- 6 -

Complaint

# FIRST CAUSE OF ACTION

[TCPA Violation – Prerecorded Telesolicitation – For All 6 Calls]

33.     Plaintiff  realleges all paragraphs above and incorporates them herein by reference.

34.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

35.     Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

36.     Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

37.     Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three

- 7 -

Complaint

times that amount.

## SECOND CAUSE OF ACTION

[TCPA Violation – Do Not Call List – For All 6 Calls]

38.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

39.   Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

40.   Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

41.   At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

42.   Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

43.   Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call

Complaint

registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## THIRD CAUSE OF ACTION

[Violation(s) of California Civil Code § 1770 (a) (22) (A) –

For All 6 Prerecorded Telesolicitation Calls]

44.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

45.   California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording.  Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

46.   As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

47.   Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

48.   Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

49.   Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

50.   Civil Code section 1782 requires that, thirty days or more prior to the commencement of an action for damages pursuant to this title, Plaintiff give notice

Complaint

in writing via certified mail with return receipt requested of his claims under Civil Code section 1770.  Plaintiff did so by having his attorneys send a written cease and desist and demand letter via certified mail with return receipt requested to Defendants at their principal places of business well over 30 days prior to the filing of the instant action.

## FOURTH CAUSE OF ACTION

[Trespass to Chattel – For All 20 Calls]

51.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

52.   The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

53.   At no time did Plaintiff consent to this trespass.

54.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 5% of his monthly phone bill in April 2015 since Defendant's calls constituted 5% or more of the total calls to his phone during the height of their junk calling campaign.

55.   In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1.   For an award of $500.00 for each violation of 47 U.S.C. §227;

2.   To be trebled for each such violation found to have been willful;

Complaint

On the SECOND CAUSE OF ACTION:

 3. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);

 4. To be trebled for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION:

 5. For compensatory damages according to proof;

 6. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

 7. For punitive damages;

 8. For attorney's fees;

On the FOURTH CAUSE OF ACTION:

 9. For compensatory damages according to proof;

 10. For punitive damages;

On ALL CAUSES OF ACTION:

 11. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

 12. For costs of suit herein incurred; and

 13. For such further relief as the Court deems proper.

DATED: May 4, 2018      **PRATO & REICHMAN, APC**

           /s/Christopher J. Reichman, Esq.
           By: Christopher J. Reichman, Esq.
           **Prato & Reichman, APC**
           Attorneys for Plaintiff
           PAUL SAPAN

Complaint